IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NORTHEAST OHIO COALITION FOR THE HOMELESS; OHIO FEDERATION OF TEACHERS; OHIO ALLIANCE FOR RETIRED AMERICANS; UNION VETERANS COUNCIL; AND CIVIC INFLUENCERS, INC., | ) ) ) ) ) ) ) ) ) | CASE NO. 1:23 CV 00026 |
| Plaintiffs, | ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) | |
| FRANK LAROSE, In his Official Capacity as Ohio Secretary of State, | ) ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | ) ) | |

This matter is now before the Court on proposed intervenors Sandra Feix's, Michele Lambo's, and the Ohio Republican Party's (collectively "Proposed Intervenors") *Motion to Intervene* pursuant to Federal Rule of Civil Procedure 24. (ECF #20). Proposed Intervenors seek an order allowing them to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2),[1] or in the alternative, an order allowing them to permissively intervene

---

[1] Federal Rule of Civil Procedure 24(a)(2) provides: "**Intervention of Right.** On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's

pursuant to Federal Rule of Civil Procedure 24(b)(1)(B).[2] Along with their motion, Proposed Intervenors attached a proposed *Answer* (ECF #20-3) to the *Amended Complaint* (ECF #13), pursuant to Federal Rule of Civil Procedure 24(c),[3] as well as a proposed *Motion to Dismiss* (ECF #20-2) under Federal Rule of Civil Procedure 12(b)(6). Proposed Intervenors' motion was filed on March 21, 2023.

Plaintiffs Northeast Ohio Coalition for the Homeless, Ohio Federation of Teachers, Ohio Alliance for Retired Americans, Union Veterans Council, and Civic Influencers, Inc. (collectively "Plaintiffs") filed an opposition to the *Motion to Intervene* on April 4, 2023 (ECF #24). Proposed Intervenors filed a *Reply* on April 11, 2023 (ECF #25).

For the reasons set forth below, Proposed Intervenors' motion for permissive intervention under Federal Rule of Civil Procedure 24(b)(1)(B) is GRANTED, with the condition that the agreed existing discovery plan presently allowing Plaintiffs up to eight (8) fact witness depositions (including any Rule 30(b)(6) representatives) be amended to allow Plaintiffs three (3) additional fact witness depositions, those of each of the Proposed Intervenors Sandra Feix, Michele Lambo, and the Ohio Republican Party (including any and all Rule 30(b)(6)

---

ability to protect its interest, unless existing parties adequately represent that interest. FED. R. CIV. P. 24(a)(2).

[2] Federal Rule of Civil Procedure 24(b)(1)(B) provides: "**Permissive Intervention.** On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact. FED. R. CIV. P. 24(b)(1)(B).

[3] Federal Rule of Civil Procedure 24(c) provides: **Notice and Pleading Required.** A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought. FED. R. CIV. P. 24(c).

representatives). Because the Court finds that the Proposed Intervenors satisfy the requirements for permissive intervention, it need not decide whether intervention must be allowed as a matter of right under Federal Rule of Civil Procedure 24(a). *League of Women Voters of Mich. v. Johnson*, 902 F.3d 572, 577 (6th Cir. 2018); *see also Ohio A. Philip Randolph Inst. v. Smith*, No. 1:18-CV-357, 2018 WL 8805953, at *1 (S.D. Ohio Aug. 16, 2018) (citing *Suhar v. N.H. Ins. Co.*, No. 4:08-CV-2280, 2009 WL 1314758, at *4 (N.D. Ohio May 11, 2009); *Lexington Streetsboro, LLC v. Geis*, No. 5:07-CV-2450, 2008 WL 5723491, at *3 (N.D. Ohio Feb. 22 2008); *Grange Mut. Cas. Co. v. Corinthian Custom Homes, Inc.*, No. 3:07-0020, 2007 WL 3287343, at *1 (M.D. Tenn. Nov. 5, 2007)).

Plaintiffs' primary ground for opposing the *Motion to Intervene* is their assertion that it is untimely. Plaintiffs' *Amended Complaint* was filed on January 27, 2023. Defendant Frank LaRose, in his capacity as Ohio Secretary of State, filed an *Answer* on March 7, 2023 (ECF #18). An initial Case Management Conference was held before the Court on March 23, 2023, two days after the filing of Proposed Intervenors' motion (ECF #23).

Given that this matter is still at the very earliest stages of litigation, the Court does not find that Proposed Intervenors' motion is untimely.

Federal Rule of Civil Procedure 24(b) grants to the district court the discretion to permit intervention if the proposed intervenor meets certain conditions. "To intervene permissively, a proposed intervenor must establish that the motion for intervention is timely and alleges at least one common question of law or fact." *Ohio A. Philip Randolph Inst. v. Smith*, No. 1:18-CV-357, 2018 WL 8805953, at *1 (S.D. Ohio Aug. 16, 2018) (quoting *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005)). If the proposed intervenor establishes these two requirements,

"the district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether in the court's discretion, intervention should be allowed." *Id.*; s*ee also* FED. R. CIV. P. 24(b)(3) ("In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights").

The Court finds that Proposed Intervenors satisfy the provisions of Federal Rule of Civil Procedure 24(b)(1)(B), in that they seek to put forward a "claim or defense that shares with the main action a common question of law or fact," specifically the constitutionality of House Bill 458 and House Bill 45 (collectively "House Bill 458"). The Court also finds that allowing permissive intervention will not unduly delay or prejudice the adjudication of the original parties' rights, as the litigation is still in its earliest stages. Accordingly, the Court will allow Proposed Intervenors to permissively intervene in the matter pursuant to Federal Rule of Civil Procedure 24(b)(1)(B).

The Proposed Intervenors' proposed *Motion to Dismiss* (ECF #20-2), attached as an Exhibit to their *Motion to Intervene*, asks this Court to summarily find that House Bill 458 is constitutional, and find that it "imposes at most minimal, reasonable, and neutral burdens on voters," before any discovery has been conducted by the parties and before any analysis of the real effects of House Bill 458 has been presented. (ECF #20-2). The primary issue presented by this case, the constitutionality of House Bill 458, is one that will require factual examination and analysis of the actual and practical effects of the changes to Ohio election law contained in House Bill 458. These issues are not of the kind that can be decided on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, prior to any factual or expert discovery having been

conducted. Accordingly, the Court finds that a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), deciding the factual issue of the constitutionality of House Bill 458, is not appropriate at this stage of the litigation. The Court does, however, accept for filing *Intervenors' [Proposed] Answer and Affirmative Defenses to Plaintiffs' Amended Complaint for Declaratory and Injunctive Relief* (ECF #20-3), as indicated in Federal Rule of Civil Procedure 24(c).

Federal Rule of Civil Procedure 24(b)(3) permits a court to place appropriate conditions or restrictions on permissive intervention. *A. Philip Randolph Inst. Of Ohio v. LaRose*, No. 1:20-CV-01908, 2020 WL 5524842, at *1 (N.D. Ohio Sept. 15, 2020) (citing *United States v. City of Detroit*, 712 F.3d 925, 933 (6th Cir. 2013) (in turn citing Advisory Committee Note to the 1966 amendment of Rule 24)). Proposed Intervenors have agreed to abide by the existing Court scheduling dates and the discovery agreement established at the March 23, 2023 Case Management Conference (ECF #23). *See Reply in Support of Motion to Intervene* (ECF #25, PageID #246) ("Proposed Intervenors will abide by the Court's schedule and the discovery agreement"). In Plaintiffs' opposition to the Proposed Intervenors' motion, they ask that any grant of a motion to intervene be accompanied by the condition of a modification to the existing discovery agreement allowing them additional fact witness depositions:

> In the event the Court grants intervention, Plaintiffs request that the parties' existing agreement regarding discovery limitations apply collectively to Defendant [Frank LaRose, in his official capacity as Ohio Secretary of State] and Intervenor-Defendants alike. In addition, Plaintiffs respectfully request that those limitations be modified to grant Plaintiffs three additional fact witnesses, one for each of the Proposed Intervenors.

*Plaintiffs' Opposition to Motion to Intervene* (ECF #24, PageID #241 n.3).

As noted, Proposed Intervenors have agreed to abide by the existing discovery schedule and limitations. The Court finds that the addition of the Proposed Intervenors warrants that

paragraph 3 of the *Report of Parties' Planning Meeting Under Fed. R. Civ. P. 26(f) and LR 16.3(b)* be amended to allow Plaintiffs, in addition to the eight (8) fact witness depositions allowed by that paragraph, to depose three (3) additional fact witnesses: Proposed Intervenors Sandra Feix, Michele Lambo, and the Ohio Republican Party (including any and all Rule 30(b)(6) representatives designated by the Ohio Republican Party).

Accordingly, Proposed Intervenors *Motion to Intervene* (ECF #20) is GRANTED to allow permissive intervention pursuant to Federal Rule of Civil Procedure 24(b)(1)(B), with the conditions set forth above.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: April 18, 2023